ALLEN, Judge.
Marvin L. Warner appeals from an order of the Unemployment Appeals Commission finding that Gordon A. Reiss had been discharged from Warner’s employment for reasons other than misconduct. Warner contends that the referee and the commission erred in rejecting certain deposition testimony as legally insufficient to support a finding of misconduct. We agree with Warner’s argument and reverse.
Reiss was employed as general manager of a horse farm owned by Warner. When Reiss’s services were terminated, he sought unemployment compensation benefits. Warner responded that Reiss should be denied benefits because he had violated his fiduciary obligation to his employer and thus was discharged for misconduct. The claims adjuster concluded that Reiss was discharged for reasons other than misconduct connected with work. Warner prosecuted an appeal, and a hearing was held. Reiss did not appear for the hearing. In support of his assertion that Reiss was discharged for misconduct, Warner’s attorney offered into evidence portions of deposition testimony of Reiss taken earlier in a related civil action. In this testimony Reiss acknowledged that after he recommended that Warner purchase a certain stallion, Reiss received half of the sales commission resulting from the sale. The referee determined that this evidence was hearsay that alone was legally insufficient to support a finding of misconduct. The commission affirmed the referee’s decision.
Section 120.58(l)(a), Florida Statutes (1991), provides in pertinent part:
Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.
The commission contends that the deposition evidence was correctly disregarded because it does not satisfy the requirements for admission of a deposition under section 90.-804(2)(a), Florida Statutes (1991). This argument, however, ignores the fact that the deposition is independently admissible as an admission under section 90.803(18), Florida Statutes (1991). See Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116, 119 (Fla. 1st DCA1983). See also Fla.R.Civ.P. 1.330(a)(2). Because this evidence would be admissible in a civil trial over objection, the referee erred in determining it legally insufficient to support a finding that Reiss accepted a commission on the sale of the stallion to his employer. We therefore reverse the commission’s order and remand for reconsideration of the deposition testimony and for a determination as to whether it establishes that Reiss’s conduct constitutes “misconduct” within the contemplation of the unemployment compensation statutes.
BOOTH and BARFIELD, JJ., concur.